**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SANA HAZINA BUTLER,
*Plaintiff*,

v.

THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK ET AL.,
*Defendant(s)*.

No. 3:26-cv-4157 (VAB)

## RULING AND ORDER

For the following reasons, the motion is **DENIED**.

Under Rule 4(e) of the Federal Rules of Civil Procedure, service of the summons may be completed by "following state law," Fed.Civ.P.4(e), or delivering a copy . . . to the individual personally," *id.* at 4(e)(2)(A), "leaving a copy at each of the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, *id.* at 4(e)(2)(B), or "delivering a copy . . . to an agent authorized by appointment or by law to receive service of process." *Id.* at 4(e)(2)(C). Here, the Plaintiff allegedly served the Defendants by Federal Express, and a mailing attested to as signed by R. Rob." Proof of Service, ECF No. 9.

In order to comply with Rule 4(e)(1), the applicable New York law -- Section 311(a)(1) of the New York Civil Practice Law and Rules ("NY CPLR") — requires that personal service upon a corporation shall be made by delivering the summons "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). But nothing in Plaintiff's proof of service, even if this filing has been otherwise served consistent with N.Y. C.P.L.R. § 311(a)(1), provides a basis for determining that "R. Rob" occupies one of the positions expressly provided for this statute for accepting service, or is an "agent authorized by appointment or by law to receive service."

In order to comply with Rule 4(e)(2), as noted above, service must be performed in very specific ways. Service by Federal Express does not satisfy either Rule 4(e)(2)(A), or Rule 4(e)(2)B), and as discussed above, there is nothing in the proof of service filed by the Plaintiff suggesting that "R. Rob." is "an agent authorized by appointment or by law to receive service of process" under Rule 4(e)(2)(C).

As a result, there is nothing in Plaintiff's filing, or elsewhere in this record suggesting that the requirements of Rule 4(e) have been properly satisfied. *See Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006)("Waiver of

service, moreover, cannot lightly be inferred. Nor can defective service be ignored on the mere assertion that a defendant had actual notice.")(citation and internal quotation marks omitted).

Accordingly, the Plaintiff has failed to properly serve the Defendant, no default can enter for a failure to respond to the Complaint, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

**CONCLUSION**

For the foregoing reasons, the motion is **DENIED**.

**SO ORDERED** at New York, New York, this 27th day of August, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE